Friend v. Valley View Community Unit High School. Mr. Craddock. Good morning. May it please the court. This case is a 1983 case involving a who was then a high school student alleging, chiefly alleging First Amendment retaliation from his school district and as well as several teachers and coaches and other staff and he much of the speech that he alleges he was retaliated against was speech made on his behalf by his mother. And so this this case presents two questions here on appeal. First is the novel question of whether someone who was a minor at the time can recover for First Amendment retaliation when the retaliation was largely for the speech of his mother which was made on his behalf. There's a second question it presents is whether the district court erred in deeming certain facts admitted for purposes of summary judgment and the chief problem with that is the fact that the facts he deemed admitted were not identified in his opinion. Before getting into the argument, these two main arguments, I would like to draw the court's attention to a Rule 28J letter that I wrote last night and filed, excuse me. In this letter I pointed out a case from, I'm sorry. We have it. Thank you. I pointed out a case that was decided a little over a week ago by the Northern District Court, Van Dyck versus Barnes. And in this case, why this is important in this case is because the Van Dyck case applied this court's decision in Bridges versus Gilbert which abrogated the public concern test for First Amendment retaliation claims. The Van Dyck court applied the Bridges case to a former foster mother who claimed that her foster child was taken from her by DCFS because of in retaliation for her making hotline reports and filing court actions against the natural father of the child. And in this case, in the briefing, the briefing went back and forth largely on whether Mr. Friend's speech or his speech made by his mother on his behalf was on an issue of public concern. And so I write that letter to say that that's the inappropriate test. And that even though Bridges applied to the prisoner context, the Van Dyck court applied it also outside of the prison context. The main point being that that if it's not a public employee suing a government employer for First Amendment retaliation, the public concern test doesn't apply because there's different interests that government entities have that have to be balanced against the free speech rights of public employees. And the public concern test distinguishes between speech that an employee makes as an employee versus speech that the employee makes as a citizen. That distinction does not exist outside of the public employee context. Because, and so as a result, then even speech on private matters can support a claim for First Amendment retaliation. And so even if, and we contend also that the speech that Friend and his mother made were on matters of public concern, but even if this court finds that they're not, he still can maintain an action for First Amendment retaliation. I'd like to get into the novel question that I alluded to in the beginning, which was that whether or not he can recover for retaliation when a lot of the speech was made by his mother. And I'd like to point out when his mother had made, had engaged in the speech and petition that we claim Mr. Friend was retaliated against for, Mr. Friend was a minor and his mother was going to bat for him against the, what she deemed to be wrongful actions taken by the school district and harassment and so forth. And most prominently removal from the basketball team when he was a star player and was seeking basketball scholarships and so forth. And so the district court really was dismissive on this. It simply said the speech was his mother's, not his. It's out. There wasn't case law really that addressed why he couldn't recover when his mother, when the speech was from his mother on his behalf. Conversely, I believe that this court's line of cases involving religious expression in public schools among students provides an appropriate analogy and should lead to the conclusion that a student can have a claim for first member retaliation when the speech is made by a parent on his behalf. The cases I cited in my brief were Hedges versus Wakanda School District, which is a case involving a student who wished to distribute religious literature written by non-students to her classmates. And there was a rule of the school district saying that students couldn't distribute materials by third parties. And this court in that case conceded that adopting the expression of others is a form of speech protected by the First Amendment. There was another case this court cited, Muller versus Jefferson Lighthouse School District. And in that case held similarly that students distributing materials prepared by others was a form of the student's own speech and expression. And there's not a case on point with respect to whether a parent complaining about how her child is treated can be a source of recovery for the student. I did cite a case called Mosley, which is where the mother was actually retaliated against for speaking out on behalf of her son. But it is a novel question that I believe should not have been dismissed as it was by the district judge. But there the mother filed suit. Here Mrs. Friend isn't even a party in this case, right? That's correct because it was... That's a big distinction. That is, I agree. But in this case it was Mr. Friend that was retaliated against. And so he brought the lawsuit. He wasn't a minor when he brought the suit, but he was a minor when his mother spoke out on his behalf. And he was a minor when he suffered the retaliation. So we believe these facts do present a novel question. And the question that we're inviting this court to answer, a question that the district court did not address. Well, the district court didn't address it because your Rule 56 submission didn't cite much in the record. It didn't have... I mean, there were real problems with your submission. That's the next argument I would like to get into. And that is that the district court erroneously decided that the Rule 56, that the key, at least certain key facts in this Rule 56 statement were inadequately supported. To begin, the district court doesn't tell us which facts are to be deemed admitted. Which of the plaintiff's additional facts or which of the plaintiff's denials of the defendant's facts were to be deemed admitted. So we have to only guess at which ones he's referring to. Just a brief glance at the record would show you that in actuality, the facts that relate to the critical questions, which is whether, such as the issue of his removal from the basketball team, which presents an issue of disputed facts, that being an act of retaliation, we allege, as well as the issues with what we believe to be harassing investigations of his residency. Those facts were adequately supported. The denials to the school district's facts did have citations to depositions and page numbers of the depositions in denials 16, 35, 38, 59, and 68 and 69 in the paragraphs in the school district's 56 statement and paragraph 35 in IHSA's Rule 56 statement. In the plaintiff's additional statement of facts, there are ample citations to depositions in the record and to page numbers supporting the fact statements made in numbers 2 through 4, 7, 12, 16, 17, 18 through 23, 26 through 37, 39, and 40. And again, these were the statements that raised the disputed fact issues regarding the key elements of the case that we allege were harassed, that were first amendment retaliation, as well as the other constitutional claims that we made. Mr. Craddick, you've used up your time, but I'll give you two minutes for rebuttal. Thank you. Mr. Hayden. May it please the Court, Counsel. Your Honors, one thing I want to point out, the Court's opinion is attached to Mr. Craddick's plaintiff's brief in his appendix, and at appendix page 3, the Court details the paragraphs in the 56.1 statement where there were problems, which paragraphs were deemed admitted as a result of which types of problems were. There were a number of different issues with regard to the 56.1 statement. Those are addressed in detail in the Court's opinion. I don't think it's any secret which paragraphs were deemed admitted. The Court specified the paragraphs on page A3 of the appendix. You can find that information. And plaintiff largely failed to comply with 56.1 in any material respect. And that's why the District Court properly exercised its discretion to deem those facts admitted that were supported by the defendants and to strike those facts that plaintiffs submitted that weren't supported by proper record citations. Again, and this is important standard, that decision by the District Court is judged on an abuse of discretion standard. And the Court exercised proper discretion in this case after giving plaintiffs multiple chances to file corrected 56.1 statements, to strike paragraphs that weren't properly supported and deem admitted the paragraphs the defendants submitted with proper support. Hodges argues that, he cites a case in his brief and says, well, in that case the conduct was far worse than mine. I think that's incorrect. Again, the District Court opinion outlines the reasons for the 56.1 decision. And plaintiff didn't submit a single document with its summary judgment brief for 56.1, not a single document. And this is, after all, from our motion, a failure of proof case. And it's plaintiff's burden at the summary judgment stage to come forward with proof, reliable evidence that would be admissible at trial, supported in the record with appropriate citations to the record, that would create a triable issue of fact. Plaintiff did not do that in this case. So we think the judge's decision on 56.1 was appropriate and a proper exercise of the Court's discretion. Certainly, it's well supported by a long line of cases out of this circuit and the Northern District. With regard to the First Amendment claim that the counsel spent some time on in the new case that was cited this morning, I don't think that makes a difference to the outcome of this case, whether or not the speech is on a matter of public concern because, as counsel acknowledges, none of the speech that's really the crux of this case was engaged in by the plaintiff himself. In all of the cases he cites, don't help, they actually hurt plaintiff. The Mosley case, as the Court pointed out, the mother in that case was the plaintiff, not the child. In the Miller case, which did involve conduct by a student, that student, a fourth grader, actually engaged in speech and conduct. That student himself... Mothers tend to speak for their children on a regular basis. They do. They do, but children may not always like that or like to have their speech imputed to them. Thank heavens for our mothers, yes. Yes, Your Honor, I will agree with that. But in Miller, the child himself attempted to pass out or get permission from the school to pass out some religious literature. In Hedges, same thing. The child herself passed out something from her church, a document called Issues and Answers. The children in those cases were actually engaging in some activity, some expressive activity. Not only was Plaintiff Hodges in this case not engaging in any activity himself, neither was his mother in terms of any protected First Amendment expressive activity. Again, we think it's a failure of proof case. With the record as it stands and the summary judgment materials submitted by Plaintiff, there is no evidence and no facts to support the claims that the plaintiff, Devin Hodges, engaged in any protected activity and that the school district acted in retaliation of that. And let's take a look at the school district. They investigated his residency. The record is clear. In a period of just over a year, from his junior to senior year, the plaintiff registered at five different addresses. We've read the briefs. That was the rationale for the district's conduct in investigating residency. Again, nothing irrational that the school district did here in terms of First Amendment or any of the constitutional claims for that matter. There just isn't the facts. Somebody else is going to argue in here. Yes, we have counsel for IHSA who has reserved a couple of minutes. So we just end with nothing irrational about the district's behavior in this case. No facts to support any finding of irrational or abusive or certainly no discriminatory behavior. And not every case needs to be a constitutional case when something doesn't go the way that person wants it to go. Thank you, Mr. Hayden. Mr. Bressler. Thank you, Your Honor. May it please the court, counsel. I simply want to bring up two facts. Number one has to do with the Local Rule 28 filing that was done this morning. I received it at 12 a.m. as the time stamp mark. Under Local Rule 28J, it's supposed to be done after oral argument and after the briefing has been filed. I would point out that the plaintiff did not file a reply brief despite having been given numerous extensions to do so and various extensions. In addition, it's limited to 350 words. What we have here is a five-page essentially reply brief filed very, very, very late. And I would ask that that be stricken. Your Honor. Mr. Bressler, would you want a response to that letter? I'm sorry? Are you seeking time to respond to that 28J letter? If the court does not strike it on its face for violating Local Rule, yes. You may have seven days to respond. Thank you. Your Honor, the only other point that I want to bring out, the only allegations against the Illinois High School Association here have to do with allegations of conspiracy. And in their brief, the plaintiff argues, and I'm quoting, given enough information, they could not hold Devin to be ineligible under either reason, dual residency, or that he did not live with a custodial parent. When we were given that information, we ruled him eligible. We agree with that statement. He was eligible other than for a brief 10-day period when we did not have the correct information that his parents that he had been living with had never been married, and that, in fact, his mother was his custodial parent. After that, he was eligible and there was nothing more that we could do for him. All the allegations about complaints and First Amendment speech, the conspiracy that we supposedly engaged in, that happened after he was eligible and our powers are limited to eligibility or not. We don't have powers as to what happens under a school roof, Your Honor. So I would submit that under the sole claim against us, conspiracy, there are simply no facts. There's no facts alleged. There's no facts supported. It's just not there. As for the immunity argument, which I'm sorry, the indemnity argument, which is also there, that is not included in the brief and has been waived, unless there are any questions. Thank you. Mr. Craddick. Just to point out a couple of points that were made by counsels. The District Court opinion did not itself specify which paragraphs it was deeming admitted. What the District Court did was it gave the numbers of the paragraphs to which the defendants objected and then made a general statement about there being certain paragraphs that were unsupported by adequate fact citations and then said any paragraphs that are not adequately supported by facts are deemed admitted. So again, it didn't specify which paragraphs and we took a guess at it in our brief by pointing out that there were numerous paragraphs with citations, depositions and page numbers. I'd also like to address the comment about there not being documents filed and that's because the citations to the record were to documents that the defendants had already filed in their motion for summary judgment. So we simply cite it to these same documents and there's no, I don't, there's nothing that the court would gain by having two copies of the same document. So we simply cite it to the documents that were already in the record. As far as on the issues of speech, the, as we pointed out in our brief, some of the speech was by Mr. Friend himself. However, the larger question is, or the larger issue is, is that he did adopt the speech of his mother and he can adopt that speech as his own and therefore have a claim for First Amendment retaliation for adopting that speech. It was pointed out in one of the defendants' briefs that Mr. Friend didn't adopt the speech of his mother. And that is a ludicrous statement, frankly, because she made it on his behalf. He never objected to it. And I see that my time is up. Thank you. Thanks to all counselors. Case is taken under advisement. The court will stand in recess. Thank you.